# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: <u>0:21−cv−00227−DWF−LIB</u>
### *Internal Use Only*

Christian Labor Association et al v. City of Duluth et al
Assigned to: Judge Donovan W. Frank
Referred to: Magistrate Judge Leo I. Brisbois
Cause: 42:1981 Civil Rights

Date Filed: 01/28/2021
Date Terminated: 06/14/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | |
|---|---|
| **Christian Labor Association** | represented by **Jonathan Franklin Mitchell** |

<div style="margin-left:2em">

Mitchell Law PLLC
111 Congress Avenue
Suite 400
Austin, TX 78701
512−686−3940
Fax: 512−686−3941
Email: jonathan@mitchell.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R Revnew**
Peters, Revnew, Kappenman & Anderson,
P.A.
7300 Metro Boulevard
Suite 500
Minneapolis, MN 55439
952−921−4622
Email: trevnew@prkalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter S Zimolong , III**
Zimolong, LLC
PO Box 552
Villanova, PA 19085
215−665−0842
Email: wally@zimolonglaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Kernstock**
Foley Mansfield
250 Marquette Ave S
Suite 1200

</div>

Minneapolis, MN 55401
612–216–0224
Fax: 612–338–8690
Email: mkernstock@foleymansfield.com
*TERMINATED: 12/09/2022*

**Plaintiff**

**Kaski Inc.**                    represented by    **Jonathan Franklin Mitchell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R Revnew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter S Zimolong , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Kernstock**
(See above for address)
*TERMINATED: 12/09/2022*

**Plaintiff**

**Nordic Group Inc.**             represented by    **Jonathan Franklin Mitchell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R Revnew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter S Zimolong , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Kernstock**
(See above for address)
*TERMINATED: 12/09/2022*

**Plaintiff**

**Roen Salvage Co.**                    represented by   **Jonathan Franklin Mitchell**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Thomas R Revnew**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Walter S Zimolong , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael Kernstock**
                                                         (See above for address)
                                                         *TERMINATED: 12/09/2022*

**Plaintiff**

**Luke Krhin**                          represented by   **Jonathan Franklin Mitchell**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Thomas R Revnew**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Walter S Zimolong , III**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael Kernstock**
                                                         (See above for address)
                                                         *TERMINATED: 12/09/2022*

**Plaintiff**

**Shawn Kunnari**                       represented by   **Jonathan Franklin Mitchell**
*TERMINATED: 04/14/2021*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Thomas R Revnew**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter S Zimolong , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dylan Smith**
*TERMINATED: 07/08/2022*

represented by   **Jonathan Franklin Mitchell**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas R Revnew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter S Zimolong , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Kernstock**
(See above for address)
*TERMINATED: 12/09/2022*

V.

**Defendant**

**City of Duluth**

represented by   **Elizabeth Sellers Tabor**
City of Duluth Attorney's Office
Litigation
C/O City of Duluth Attorney's Office
411 W First Street
440 City Hall
Duluth, MN 55802
218–730–5490
Email: etabor@duluthmn.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monte A Mills**
Greene Espel PLLP
222 S 9th St Ste 2200
Mpls, MN 55402

(612) 373–0830
Fax: (612) 373–0929
Email: mmills@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paige Orcutt**
City of Duluth
411 West 1st Street
Ste 440
Duluth, MN 55802
218–730–5268
Email: porcutt@duluthmn.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Cloquet**                        represented by  **Amran Farah**
Greene Espel PLLP
222 S 9th St.
Ste 2200
Minneapolis, MN 55402
612–373–8357
Email: afarah@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Sheri McGhee**
Greene Espel PLLP
222 S 9th St.
Suite 2200
Minneapolis, MN 55402
612–373–8374
Email: dwilliams@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Muirhead McAdam**
Greene Espel PLLP
222 South Ninth Street
Suite 2200
Minneapolis, MN 55402
612–373–8332
Email: emcadam@greeneespel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monte A Mills**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**City of Two Harbors**                    represented by   **Amran Farah**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Sheri McGhee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Muirhead McAdam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monte A Mills**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Western Lake Superior Sanitary**         represented by   **Amran Farah**
**District**                                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Davida Sheri McGhee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Muirhead McAdam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monte A Mills**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Duluth Building and Construction**       represented by   **Jane C Poole**
**Trades Council**                                           Andrew & Bransky PA
302 W Superior St. Ste 300
Duluth, MN 55802
218–722–1764
Email: jpoole@duluthlawfirm.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Jonathan Newman**
Sherman Dunn, P.C.
900 7th Street, N.W.
Ste 1000
Washington, DC 20001
202–785–9300
Email: newman@shermandunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lucas Robert Jason Aubrey**
Sherman Dunn, P.C.
900 Seventh Street, N.W.
Suite 1000
Washington, DC 20001
202–785–9300
Email: aubrey@shermandunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Monte A Mills**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert D. Kurnick**
Sherman Dunn, P.C.
900 Seventh Street, N.W.
Suite 1000
Washington, DC 20001
202–785–9300
Fax: 202–775–1950
Email: kurnick@shermandunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy W Andrew**
Andrew & Bransky, PA
302 W Superior St Ste 300
Duluth, MN 55802
(218) 722–1764
Fax: (218) 722–6137
Email: timandrew@duluthlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Louise Bor**

Sherman Dunn, PC
900 Seventh Street, NW
Suite 1000
Washington, DC 20001
202−785−9300
Email: bor@shermandunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Natalie Cater Moffett**
Sherman Dunn. P.C.
900 7th St., NW
Suite 1000
Washington, DC 20001
202−785−9300
Email: moffett@shermandunn.com
*TERMINATED: 05/10/2023*
*PRO HAC VICE*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2021 | 1 | COMPLAINT against All Defendants (filing fee $ 402, receipt number AMNDC−8441813) filed by Shawn Kunnari, Nordic Group Inc., Dylan Smith, Kaski Inc., Christian Labor Association, Roen Salvage Co., Krhin Luke. No summons requested. (Attachments: # 1 Exhibit(s) Ex 1, # 2 Exhibit(s) Ex 2, # 3 Exhibit(s) Ex 3, # 4 Exhibit(s) Ex 4, # 5 Civil Cover Sheet) (Revnew, Thomas) (Entered: 01/28/2021) |
| 01/28/2021 | 2 | RULE 7.1 DISCLOSURE STATEMENT. There is no parent corporation, publicly held corporation or wholly−owned subsidiary to report for Plaintiff Kaski Inc. (Revnew, Thomas) Modified text on 1/29/2021 (kt). (Entered: 01/28/2021) |
| 01/28/2021 | 3 | RULE 7.1 DISCLOSURE STATEMENT. There is no parent corporation, publicly held corporation or wholly−owned subsidiary to report for Plaintiff Nordic Group, Inc. (Revnew, Thomas) Modified text on 1/29/2021 (kt). (Entered: 01/28/2021) |
| 01/28/2021 | 4 | RULE 7.1 DISCLOSURE STATEMENT. There is no parent corporation, publicly held corporation or wholly−owned subsidiary to report for Roen Salvage Co. (Revnew, Thomas) Modified text on 1/29/2021 (kt). (Entered: 01/28/2021) |
| 01/28/2021 | 5 | TEXT ONLY ENTRY: CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Donovan W. Frank per Civil (5th − Civil Rights) list, referred to Magistrate Judge Leo I. Brisbois. Please use case number 21−cv−227 DWF/LIB. (CLK) (Entered: 01/28/2021) |
| 01/28/2021 | 6 | (Text−Only): Notice re: Non−Admitted Attorney<br><br>We have received documents listing **Jonathan F. Mitchell, Walter S. Zimolong** as counsel of record. If he or she wishes to be listed as an attorney of record in this case, he or she must be admitted to the bar of the U.S. District Court of Minnesota in accordance with Local Rule 83.5 (a), (b) and (c) or temporarily admitted pro hac vice |

| | | |
|---|---|---|
| | | in accordance with Local Rule 83.5 (d) or (e).<br><br>For more admissions information and forms, please see the Attorney Forms Section of the courts website at www.mnd.uscourts.gov/forms/all−forms. (CLK) (Entered: 01/28/2021) |
| 01/29/2021 | 7 | MOTION for Admission Pro Hac Vice for Attorney Jonathan F. Mitchell. Filing fee $ 100, receipt number AMNDC−8445552 filed by Christian Labor Association, Kaski Inc., Luke Krhin, Shawn Kunnari, Nordic Group Inc., Roen Salvage Co., Dylan Smith. (Revnew, Thomas) (Entered: 01/29/2021) |
| 01/29/2021 | 8 | (Text−Only) NOTICE − Judge Donovan W. Frank's Practice Pointers are available on the United States District Court for the District of Minnesota's website. All parties are expected to be familiar with and adhere to these practice pointers, in addition to the District of Minnesota's Local Rules and Federal Rules of Civil Procedure. (las) (Entered: 01/29/2021) |
| 01/29/2021 | 9 | MOTION for Admission Pro Hac Vice for Attorney Walter S. Zimolong III. Filing fee $ 100, receipt number AMNDC−8446848 filed by Christian Labor Association, Kaski Inc., Luke Krhin, Shawn Kunnari, Nordic Group Inc., Roen Salvage Co., Dylan Smith. (Revnew, Thomas) (Entered: 01/29/2021) |
| 02/03/2021 | 10 | TEXT ONLY ENTRY: ORDER granting 7 Motion for Admission Pro Hac Vice of Attorney Jonathan Franklin Mitchell for Christian Labor Association, Kaski Inc., Luke Krhin, Shawn Kunnari, Nordic Group Inc., Roen Salvage Co., and for Dylan Smith; granting 9 Motion for Admission Pro Hac Vice of Attorney Walter S Zimolong, III for Christian Labor Association, Kaski Inc., Luke Krhin, Shawn Kunnari, Nordic Group Inc., Roen Salvage Co., and for Dylan Smith. Approved by Magistrate Judge Leo I. Brisbois on 2/3/2021. (NAH) (Entered: 02/03/2021) |
| 02/19/2021 | 11 | WAIVER OF SERVICE Returned Executed filed by Shawn Kunnari, Nordic Group Inc., Dylan Smith, Kaski Inc., Christian Labor Association, Roen Salvage Co., Luke Krhin. Duluth Building and Construction Trades Council waiver sent on 2/18/2021, answer due 4/19/2021. (Mitchell, Jonathan) (Entered: 02/19/2021) |
| 02/25/2021 | 12 | WAIVER OF SERVICE Returned Executed filed by Shawn Kunnari, Nordic Group Inc., Dylan Smith, Kaski Inc., Christian Labor Association, Roen Salvage Co., Luke Krhin. City of Cloquet waiver sent on 2/18/2021, answer due 4/19/2021; City of Two Harbors waiver sent on 2/18/2021, answer due 4/19/2021; Western Lake Superior Sanitary District waiver sent on 2/18/2021, answer due 4/19/2021. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s))(Mitchell, Jonathan) (Entered: 02/25/2021) |
| 03/15/2021 | 13 | WAIVER OF SERVICE Returned Executed filed by Shawn Kunnari, Nordic Group Inc., Dylan Smith, Kaski Inc., Christian Labor Association, Roen Salvage Co., Luke Krhin. City of Duluth waiver sent on 2/18/2021, answer due 4/19/2021. (Mitchell, Jonathan) (Entered: 03/15/2021) |
| 03/24/2021 | 14 | MOTION for Admission Pro Hac Vice for Attorney Victoria L. Bor. Filing fee $ 100, receipt number AMNDC−8630314 filed by Duluth Building and Construction Trades Council. (Attachments: # 1 Affidavit of Proposed Admittee)(Andrew, Timothy) (Entered: 03/24/2021) |
| 03/24/2021 | 15 | MOTION for Admission Pro Hac Vice for Attorney Jonathan D. Newman. Filing fee $ 100, receipt number AMNDC−8630399 filed by Duluth Building and Construction Trades Council. (Attachments: # 1 Affidavit of Proposed Admittee)(Andrew, |

| | | |
|---|---|---|
| | | Timothy) (Entered: 03/24/2021) |
| 03/26/2021 | 16 | TEXT ONLY ENTRY: ORDER granting 14 Motion for Admission Pro Hac Vice of Attorney Victoria Bor for Duluth Building and Construction Trades Council; granting 15 Motion for Admission Pro Hac Vice of Attorney Jonathan Newman for Duluth Building and Construction Trades Council. Approved by Magistrate Judge Leo I. Brisbois on 3/26/2021. (NAH) (Entered: 03/26/2021) |
| 04/13/2021 | 17 | NOTICE of Appearance by Elizabeth A Sellers on behalf of City of Duluth. (Sellers, Elizabeth) (Entered: 04/13/2021) |
| 04/14/2021 | 18 | LETTER to Request Permission to Exceed Word/Line Limits . (Sellers, Elizabeth) (Entered: 04/14/2021) |
| 04/14/2021 | 19 | NOTICE of Voluntary Dismissal by Shawn Kunnari (Mitchell, Jonathan) (Entered: 04/14/2021) |
| 04/15/2021 | 20 | NOTICE of Appearance by Monte A Mills on behalf of City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. (Mills, Monte) (Entered: 04/15/2021) |
| 04/15/2021 | 21 | NOTICE of Appearance by Davida Sheri McGhee on behalf of City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. (McGhee, Davida) (Entered: 04/15/2021) |
| 04/15/2021 | 22 | NOTICE of Appearance by Timothy W Andrew on behalf of Duluth Building and Construction Trades Council. (Andrew, Timothy) (Entered: 04/15/2021) |
| 04/15/2021 | 23 | TEXT ONLY ORDER: The Court has reviewed the April 14, 2021, letter submitted by Defendant City of Duluth on behalf of all Defendants (Doc. No. 18 ) requesting to exceed the word limit in Local Rule 7.1(f)(1)(B). As indicated in Defendant's Letter, Plaintiff's counsel does not oppose the request. The Court grants Defendant's request to exceed the word limit by no more than an additional 6,000 words, or no more than 18,000 words for opening and reply briefs together. Ordered by Judge Donovan W. Frank on 4/15/2021.(las) (Entered: 04/15/2021) |
| 04/19/2021 | 24 | MOTION to Dismiss/General filed by City of Duluth. (Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 25 | NOTICE OF HEARING ON MOTION 24 MOTION to Dismiss/General : Motion Hearing set for 6/11/21 at 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 26 | MEMORANDUM in Support re 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 27 | Declaration of Chelsea J. Helmer in Support of 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 Exhibit(s) 1)(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 28 | Declaration of Craig Olson in Support of 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3)(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 29 | Declaration of Tim Peterson in Support of 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 Exhibit(s) A)(Sellers, Elizabeth) (Entered: |

| | | |
|---|---|---|
| | | 04/19/2021) |
| 04/19/2021 | 30 | Declaration of Dan Walker in Support of 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 Exhibit(s) A)(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 31 | Declaration of Marianne Bohren in Support of 24 MOTION to Dismiss/General filed by City of Duluth. (Attachments: # 1 Exhibit(s) A)(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 32 | MEET and CONFER STATEMENT re 24 Motion to Dismiss/General filed by City of Duluth.(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 33 | PROPOSED ORDER TO JUDGE re 24 MOTION to Dismiss/General filed by City of Duluth.(Sellers, Elizabeth) (Entered: 04/19/2021) |
| 04/19/2021 | 34 | (Text–Only): Notice re: Non–Admitted Attorney<br><br>We have received documents listing **Robert D. Kurnick** as counsel of record. If he or she wishes to be listed as an attorney of record in this case, he or she must be admitted to the bar of the U.S. District Court of Minnesota in accordance with Local Rule 83.5 (a), (b) and (c) or temporarily admitted pro hac vice in accordance with Local Rule 83.5 (d) or (e).<br><br>For more admissions information and forms, please see the Attorney Forms Section of the courts website at www.mnd.uscourts.gov/forms/all–forms. (MTP) (Entered: 04/20/2021) |
| 04/21/2021 | 35 | MOTION for Admission Pro Hac Vice for Attorney Robert D. Kurnick. Filing fee $ 100, receipt number AMNDC–8695788 filed by Duluth Building and Construction Trades Council. (Attachments: # 1 Affidavit of Proposed Admittee)(Andrew, Timothy) (Entered: 04/21/2021) |
| 04/23/2021 | 36 | TEXT ONLY ENTRY: ORDER granting 35 Motion for Admission Pro Hac Vice of Attorney Robert D. Kurnick for Duluth Building and Construction Trades Council. Approved by Magistrate Judge Leo I. Brisbois on 4/23/2021. (NAH) (Entered: 04/23/2021) |
| 05/05/2021 | 37 | (Text–Only) AMENDED NOTICE of Hearing on Motion: 24 MOTION to Dismiss/General : Motion Hearing set for 6/10/2021 at 09:00 AM in Video Conference (no courtroom) before Judge Donovan W. Frank. (las) (Entered: 05/05/2021) |
| 05/06/2021 | 38 | Second Declaration of Tim Peterson in Support of 24 MOTION to Dismiss/General filed by City of Cloquet. (Attachments: # 1 Exhibit(s) A)(Mills, Monte) (Entered: 05/06/2021) |
| 05/10/2021 | 39 | RESPONSE in Opposition re 24 MOTION to Dismiss/General filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co., Dylan Smith.(Mitchell, Jonathan) (Entered: 05/10/2021) |
| 05/24/2021 | 40 | REPLY re 24 MOTION to Dismiss/General filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Sellers, Elizabeth) (Entered: 05/24/2021) |

| 06/03/2021 | 41 | Third Declaration of Tim Peterson in Support of 24 MOTION to Dismiss/General filed by City of Cloquet.(Mills, Monte) (Entered: 06/03/2021) |
|---|---|---|
| 06/10/2021 | 42 | Minute Entry for proceedings held before Judge Donovan W. Frank: Motion Hearing held on 6/10/2021 re 24 MOTION to Dismiss/General filed by City of Duluth. Matter submitted. Written order forthcoming. (Court Reporter Lynne Krenz) (las) (Entered: 06/10/2021) |
| 06/30/2021 | 43 | LETTER TO DISTRICT JUDGE by City of Duluth . (Sellers, Elizabeth) (Entered: 06/30/2021) |
| 07/02/2021 | 44 | MEMORANDUM OPINION AND ORDER – Defendants' Motion to Dismiss (Doc. No. 24 ) is GRANTED IN PART and DENIED IN PART as follows: This Court has subject matter jurisdiction over this matter because the Plaintiffs have standing and their claims are not moot. Plaintiffs' Antitrust Claim (Count II) is DISMISSED WITHOUT PREJUDICE. (Written Opinion) Signed by Judge Donovan W. Frank on 7/2/2021. (las) (Entered: 07/02/2021) |
| 07/14/2021 | 45 | PRETRIAL SCHEDULING NOTICE AND ORDER WHILE DISTRICT OF MINNESOTA IS UNDER GENERAL ORDER RELATED TO COVID–19: See Notice and Order for document submission deadlines. Signed by Magistrate Judge Leo I. Brisbois on 7/14/2021. (Attachments: # 1 Consent Form)(JLB) (Entered: 07/14/2021) |
| 07/15/2021 | 46 | NOTICE of Appearance by Amran Farah on behalf of City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. (Farah, Amran) (Entered: 07/15/2021) |
| 07/16/2021 | 47 | ANSWER to Complaint filed by Duluth Building and Construction Trades Council. (Andrew, Timothy) (Entered: 07/16/2021) |
| 07/16/2021 | 48 | ANSWER to Complaint filed by City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. (Farah, Amran) (Entered: 07/16/2021) |
| 07/16/2021 | 49 | ANSWER to Complaint filed by City of Duluth. (Sellers, Elizabeth) (Entered: 07/16/2021) |
| 07/19/2021 | 50 | LETTER TO MAGISTRATE JUDGE by City of Duluth *for extension of scheduling deadlines*. (Sellers, Elizabeth) (Entered: 07/19/2021) |
| 07/20/2021 | 51 | AMENDED PRETRIAL SCHEDULING NOTICE AND ORDER WHILE DISTRICT OF MINNESOTA IS UNDER GENERAL ORDER RELATED TO COVID–19: See Notice and Order for document submission deadlines. Signed by Magistrate Judge Leo I. Brisbois on 7/20/2021. (Attachments: # 1 Consent Form)(JLB) (Entered: 07/20/2021) |
| 09/10/2021 | 52 | REPORT of Rule 26(f) Planning Meeting. Filed by City of Cloquet, City of Two Harbors, and Western Lake Superior Sanitary District. Jointly Signed by City of Duluth, Duluth Building and Construction Trades Council, Christian Labor Association, Kaski Inc., Nordic Group Inc., Roen Salvage Co., Luke Krhin, and Dylan Smith.(Farah, Amran) Modified text on 9/13/2021 (kt). (Entered: 09/10/2021) |
| 09/10/2021 | 53 | DOCUMENT FILED IN ERROR: REFILED Joint STATEMENT OF CASE as to Western Lake Superior Sanitary District, City of Cloquet, City of Two Harbors. (Farah, Amran) Modified text on 9/13/2021 (kt). (Entered: 09/10/2021) |

| 09/10/2021 | 54 | Joint STATEMENT OF CASE as to Western Lake Superior Sanitary District, City of Cloquet, City of Two Harbors, City of Duluth, Duluth Building and Construction Trades Council. (Farah, Amran) (Entered: 09/10/2021) |
|---|---|---|
| 09/10/2021 | 55 | Joint STATEMENT OF CASE as to Nordic Group Inc., Dylan Smith, Kaski Inc., Christian Labor Association, Roen Salvage Co., Luke Krhin. (Mitchell, Jonathan) (Entered: 09/10/2021) |
| 09/27/2021 | 56 | PRETRIAL SCHEDULING ORDER: Amended Pleadings due by 11/15/2021. Fact Discovery due by 8/31/2022. Expert Discovery due by 8/31/2022. Joinder of Parties due by 11/15/2021. Motions (non−disp) due 9/30/2022. Motions (disp) due by 10/31/2022. Ready for trial due by 3/31/2023. Signed by Magistrate Judge Leo I. Brisbois on 9/27/2021.(JLB) (Entered: 09/27/2021) |
| 02/10/2022 | 57 | MOTION for Admission Pro Hac Vice for Attorney Natalie C. Moffett. Filing fee $ 100, receipt number AMNDC−9322537 filed by Duluth Building and Construction Trades Council. (Attachments: # 1 Affidavit of Proposed Admittee)(Andrew, Timothy) (Entered: 02/10/2022) |
| 02/10/2022 | 58 | MOTION for Admission Pro Hac Vice for Attorney Lucas R. Aubrey. Filing fee $ 100, receipt number AMNDC−9322589 filed by Duluth Building and Construction Trades Council. (Attachments: # 1 Affidavit of Proposed Admittee)(Andrew, Timothy) (Entered: 02/10/2022) |
| 02/14/2022 | 59 | (Text−Only) ORDER granting 57 Motion for Admission Pro Hac Vice of Attorney Natalie Cater Moffett for Duluth Building and Construction Trades Council; granting 58 Motion for Admission Pro Hac Vice of Attorney Lucas Robert Jason Aubrey for Duluth Building and Construction Trades Council. Approved by Magistrate Judge Leo I. Brisbois on 2/14/2022. (NAH) (Entered: 02/14/2022) |
| 04/14/2022 | 60 | NOTICE of Appearance by Emily Muirhead McAdam on behalf of City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. (McAdam, Emily) (Entered: 04/14/2022) |
| 04/29/2022 | 61 | NOTICE of Appearance by Michael Kernstock on behalf of All Plaintiffs. (Kernstock, Michael) (Entered: 04/29/2022) |
| 06/01/2022 | 62 | MOTION for Protective Order filed by Roen Salvage Co.. (Zimolong, Walter) (Entered: 06/01/2022) |
| 06/01/2022 | 63 | **DOCUMENT FILED IN ERROR** NOTICE OF HEARING ON MOTION 62 MOTION for Protective Order : Date and time to be determined. (Zimolong, Walter) Modified text on 6/2/2022 (JLB). (Entered: 06/01/2022) |
| 06/01/2022 | 64 | MEMORANDUM in Support re 62 MOTION for Protective Order filed by Roen Salvage Co.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate, # 2 Exhibit(s) Declaration of Walter S Zimolong)(Zimolong, Walter) (Entered: 06/01/2022) |
| 06/01/2022 | 65 | Declaration of Walter S. Zimolong III in Support of 62 MOTION for Protective Order filed by Roen Salvage Co..(Zimolong, Walter) (Entered: 06/01/2022) |
| 06/01/2022 | 66 | MEET and CONFER STATEMENT re 62 Motion for Protective Order filed by Roen Salvage Co..(Zimolong, Walter) (Entered: 06/01/2022) |
| 06/01/2022 | 67 | |

| | | |
|---|---|---|
| | | PROPOSED ORDER TO JUDGE re 62 MOTION for Protective Order filed by Roen Salvage Co..(Zimolong, Walter) (Entered: 06/01/2022) |
| 06/07/2022 | 68 | DOCUMENT FILED IN ERROR–NOTIFIED ATTORNEY TO REFILE. NOTICE OF HEARING ON MOTION 62 MOTION for Protective Order : *June 23, 2022, 1:00 p.m.* Date and time to be determined. (Zimolong, Walter) Modified text on 6/8/2022 (MMG). (Entered: 06/07/2022) |
| 06/08/2022 | 69 | MEMORANDUM in Opposition re 62 MOTION for Protective Order filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Moffett, Natalie) (Entered: 06/08/2022) |
| 06/08/2022 | 70 | DECLARATION of Natalie C. Moffett in Opposition to 62 MOTION for Protective Order filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Moffett, Natalie) (Entered: 06/08/2022) |
| 06/14/2022 | 71 | NOTICE of Appearance by Paige Orcutt on behalf of City of Duluth. (Orcutt, Paige) (Entered: 06/14/2022) |
| 06/15/2022 | 72 | NOTICE of Appearance by Jane C Poole on behalf of Duluth Building and Construction Trades Council. (Poole, Jane) (Entered: 06/15/2022) |
| 06/20/2022 | 73 | NOTICE OF WITHDRAWAL OF MOTION by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co., Dylan Smith re 62 Motion for Protective Order, re 68 Notice of Hearing on Motion for Protective Order (Zimolong, Walter) Modified text on 6/21/2022 (MTB). (Entered: 06/20/2022) |
| 06/22/2022 | 74 | (Text–Only) ORDER – On June 22, 2022, the Plaintiff filed a Notice of Withdrawal of Motion [Docket No. 73 ] withdrawing his Motion to for Protective Order [Docket No. 62 ]. Accordingly, IT IS HEREBY ORDERED that the hearing scheduled for Thursday, June 23, 2022, at 1:30 p.m. in Duluth, Minnesota, is CANCELLED. Ordered by Magistrate Judge Leo I. Brisbois on 6/22/2022.(JLB) (Entered: 06/22/2022) |
| 07/07/2022 | 75 | STIPULATION of Dismissal *of Plaintiff Dylan Smith's Claims* by Dylan Smith. Jointly Signed by Dylan Smith, City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, and Duluth Building and Construction Trades Council. (Mitchell, Jonathan) (Entered: 07/07/2022) |
| 07/08/2022 | 76 | ORDER FOR DISMISSAL WITHOUT PREJUDICE AS TO DYLAN SMITH ONLY re: Stipulation 75 . Signed by Judge Donovan W. Frank on 7/8/2022.(las) (Entered: 07/08/2022) |
| 09/15/2022 | 77 | MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 78 | NOTICE OF HEARING ON MOTION 77 MOTION to Compel : Motion Hearing set for 9/29/2022 at 01:30 PM in Courtroom 3 (DUL) before Magistrate Judge Leo I. Brisbois. (McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 79 | MEMORANDUM in Support re 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades |

| | | |
|---|---|---|
| | | Council, Western Lake Superior Sanitary District. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 80 | Declaration of Amran A. Farah in Support of 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 Exhibit(s) 1–6)(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 81 | Declaration of Lucas R. Aubrey in Support of 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 Exhibit(s) 7–10)(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 82 | Declaration of Natalie C. Moffett in Support of 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 83 | Declaration of Emily M. McAdam in Support of 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 84 | MEET and CONFER STATEMENT re 77 Motion to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(McAdam, Emily) (Entered: 09/15/2022) |
| 09/15/2022 | 85 | PROPOSED ORDER TO JUDGE re 77 MOTION to Compel filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(McAdam, Emily) (Entered: 09/15/2022) |
| 09/20/2022 | 86 | LETTER TO MAGISTRATE JUDGE by Christian Labor Association, Kaski Inc., Nordic Group Inc., Roen Salvage Co. . (Zimolong, Walter) (Entered: 09/20/2022) |
| 09/21/2022 | 87 | (Text–Only) ORDER – Pursuant to the Letter [Docket No. 86 ] filed on September 20, 2022, IT IS HEREBY ORDERED that the hearing on the Defendants Motion to Compel, [Docket No. 77 ], currently scheduled for September 29, 2022, at 1:30 p.m. in Duluth, Minnesota is CONTINUED. The parties are directed to jointly call the undersigned's Courtroom Deputy, Jennifer Beck at (218) 529–3520 to secure a new hearing date on the Defendants' Motion to Compel, [Docket No. 77 ]. The undersigned would have expected that the need to reschedule the hearing date should have been able to be addressed and professionally resolved without the involvement of the Court. Ordered by Magistrate Judge Leo I. Brisbois on 9/21/2022.(JLB) (Entered: 09/21/2022) |
| 09/23/2022 | 88 | AMENDED NOTICE of Hearing on Motion: 77 MOTION to Compel : Motion Hearing set for 10/18/2022 at 01:30 PM in Edward J. Devitt Courtroom (STP) before Magistrate Judge Leo I. Brisbois. (McAdam, Emily) (Entered: 09/23/2022) |
| 09/23/2022 | 89 | STIPULATION *for Protective Order* by City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District. Jointly Signed by City of Duluth, Duluth Building and Construction Trades Council, and Plaintiffs. (McAdam, Emily) (Entered: 09/23/2022) |

| 09/23/2022 | 90 | PROPOSED ORDER TO JUDGE re 89 Stipulation. (McAdam, Emily) (Entered: 09/23/2022) |
|---|---|---|
| 09/26/2022 | 91 | PROTECTIVE ORDER Signed by Magistrate Judge Leo I. Brisbois on 9/26/2022.(JLB) (Entered: 09/26/2022) |
| 10/11/2022 | 92 | LETTER to Request Permission to Exceed Word/Line Limits . (Tabor, Elizabeth) (Entered: 10/11/2022) |
| 10/13/2022 | 93 | TEXT ONLY ORDER: The Court has reviewed the October 11, 2022, letter submitted by Defendant City of Duluth on behalf of all Defendants (Doc. No. 92 ) requesting to exceed the word limit in Local Rule 7.1(f)(1)(B). As indicated in Defendant's Letter, Plaintiff's counsel does not oppose the request. The Court grants Defendant's request to exceed the word limit by no more than an additional 8,000 words, or no more than 20,000 words for opening and reply briefs together. Plaintiff's counsel may also exceed the word limit by no more than 8,000 words or no more than 20,000 words. Ordered by Judge Donovan W. Frank on 10/13/2022.(las) (Entered: 10/13/2022) |
| 10/17/2022 | 94 | NOTICE by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District re 77 MOTION to Compel *Notice of Withdrawal of Motion to Compel* (McAdam, Emily) (Entered: 10/17/2022) |
| 10/18/2022 | 95 | (Text–Only) ORDER– On October 17, 2022, the Defendants filed a Notice of Withdrawal of Motion to Compel [Docket No. 94 ] withdrawing their Motion to Compel [Docket No. 77 ], and requesting that the hearing, currently scheduled for October 18, 2022, be cancelled. Accordingly, IT IS HEREBY ORDERED that the hearing on the Motion to Compel [Docket No. 77 ], currently scheduled for October 18, 2022, 1:30 p.m. in St. Paul, Minnesota, is CANCELLED. Ordered by Magistrate Judge Leo I. Brisbois on 10/18/2022.(JLB) (Entered: 10/18/2022) |
| 10/25/2022 | 96 | STIPULATION *to Extend Deadline for Dispositive Motions* by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. Jointly Signed by City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, and Duluth Building and Construction Trades Council. (Attachments: # 1 Proposed Order)(Mitchell, Jonathan) (Entered: 10/25/2022) |
| 10/27/2022 | 97 | Text Only Order The parties' Stipulation Extending Deadline to Submit Dispositive Motions Doc. No. 96 is APPROVED. Dispositive motions shall be filed on or before November 7, 2022. Ordered by Judge Donovan W. Frank on 10/27/2022.(las) (Entered: 10/27/2022) |
| 11/07/2022 | 98 | MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Tabor, Elizabeth) Modified text on 11/7/2022 (MMG). (Entered: 11/07/2022) |
| 11/07/2022 | 99 | NOTICE OF HEARING ON MOTION 98 MOTION for Summary Judgment : Motion Hearing set for 1/13/2023 at 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 100 | MEMORANDUM in Support re 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 |

| | | |
|---|---|---|
| | | LR7.1/LR72.2 Word Count Compliance Certificate)(Tabor, Elizabeth) Modified text on 11/7/2022 (MMG). (Entered: 11/07/2022) |
| 11/07/2022 | 101 | Fourth Declaration of Tim Peterson in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) Modified text on 11/7/2022 (MMG). (Entered: 11/07/2022) |
| 11/07/2022 | 102 | Second Declaration of Marianne Bohren in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 103 | Declaration of Ian B. Johnson in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 104 | Declaration of Emily M. McAdam in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 105 | Declaration of Andrew Campeau in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 106 | Declaration of Ben Anderson in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 107 | Declaration of Chad Ward in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 108 | Declaration of Chris Hill in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 109 | Declaration of Dan Gilbert in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 110 | Declaration of Dan Olson in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 111 | Declaration of Jack Carlson in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and |

| | | |
|---|---|---|
| | | Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 112 | Declaration of Keith Musolf in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 113 | Declaration of Michael Syversrud in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 114 | Declaration of Stan Paczynski in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 115 | PROPOSED ORDER TO JUDGE re 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 116 | Declaration of Joel Dhein in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 117 | Declaration of Lucas R. Aubrey in Support of 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Tabor, Elizabeth) (Entered: 11/07/2022) |
| 11/07/2022 | 118 | MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. (Mitchell, Jonathan) (Entered: 11/07/2022) |
| 11/07/2022 | 119 | NOTICE OF HEARING ON MOTION 118 MOTION for Summary Judgment : Motion Hearing set for 1/13/2023 at 09:00 AM in Courtroom 7C (STP) before Judge Donovan W. Frank. (Mitchell, Jonathan) (Entered: 11/07/2022) |
| 11/07/2022 | 120 | MEMORANDUM in Support re 118 MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mitchell, Jonathan) (Entered: 11/07/2022) |
| 11/07/2022 | 121 | EXHIBIT *LIST* re 120 Memorandum in Support of Motion, 118 MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s), # 7 Exhibit(s), # 8 Exhibit(s), # 9 Exhibit(s), # 10 Exhibit(s), # 11 Exhibit(s), # 12 Exhibit(s), # 13 Exhibit(s), # 14 Exhibit(s), # 15 Exhibit(s), # 16 Exhibit(s), # 17 Exhibit(s))(Mitchell, Jonathan) (Entered: 11/07/2022) |
| 11/07/2022 | 122 | PROPOSED ORDER TO JUDGE re 118 MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen |

| | | |
|---|---|---|
| | | Salvage Co..(Mitchell, Jonathan) (Entered: 11/07/2022) |
| 11/23/2022 | 123 | STIPULATION *to Extend Deadline to File Responses to Motions for Summary Judgment* by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. Jointly Signed by Christian Labor Association, Kaski Inc., Nordic Group Inc., Roen Salvage Co., Luke Krhin, City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, and Duluth Building and Construction Trades Council. (Mitchell, Jonathan) (Entered: 11/23/2022) |
| 11/23/2022 | 124 | PROPOSED ORDER TO JUDGE re 123 Stipulation,. (Mitchell, Jonathan) (Entered: 11/23/2022) |
| 11/29/2022 | 125 | TEXT ONLY ORDER – The parties' Stipulation at (Doc. No. 123 ) is APPROVED. The parties' deadline to file their responses to the motions for summary judgment is extended by seven (7) days, and each side shall submit its response on or before December 5, 2022. Ordered by Judge Donovan W. Frank on 11/29/2022.(las) (Entered: 11/29/2022) |
| 12/05/2022 | 126 | MEMORANDUM in Opposition re 118 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Western Lake Superior Sanitary District and Duluth Building Construction Trades Council. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mills, Monte) Modified text on 12/5/2022 (ACH). Modified text on 12/5/2022 (kt). (Entered: 12/05/2022) |
| 12/05/2022 | 127 | RESPONSE in Opposition re 98 MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co..(Mitchell, Jonathan) (Entered: 12/05/2022) |
| 12/05/2022 | 128 | EXHIBIT *and DECLARATIONS* re 127 Response in Opposition to Motion filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s))(Mitchell, Jonathan) (Entered: 12/05/2022) |
| 12/06/2022 | 129 | LR7.1/LR72.2 WORD COUNT COMPLIANCE CERTIFICATE by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co. re 127 Response in Opposition to Motion. (Mitchell, Jonathan) (Entered: 12/06/2022) |
| 12/09/2022 | 130 | STIPULATION *to Extend Deadline to File Reply Briefs in Support of Motions for Summary Judgment* by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. Jointly Signed by City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, and Duluth Building and Construction Trades Council. (Mitchell, Jonathan) (Entered: 12/09/2022) |
| 12/09/2022 | 131 | PROPOSED ORDER TO JUDGE re 130 Stipulation,. (Mitchell, Jonathan) (Entered: 12/09/2022) |
| 12/09/2022 | 132 | TEXT ONLY ORDER re: 130 STIPULATION EXTENDING DEADLINE TO FILE REPLY BRIEFS IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT. The Stipulation is approved. The parties shall have until January 6, 2023, file their reply briefs in support of their motions for summary judgment. Ordered by Judge Donovan W. Frank on 12/9/2022.(las) (Entered: 12/09/2022) |
| 12/09/2022 | 133 | NOTICE of Withdrawal as Attorney (Kernstock, Michael) (Entered: 12/09/2022) |
| 01/06/2023 | 134 | Reply to Response to Motion re 98 MOTION for Summary Judgment filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction |

| | | Trades Council, Western Lake Superior Sanitary District. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mills, Monte) (Entered: 01/06/2023) |
|---|---|---|
| 01/06/2023 | 135 | DOCUMENT FILED IN ERROR: REFILED. REPLY re 118 MOTION for Summary Judgment filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co..(Mitchell, Jonathan) Modified text on 1/10/2023 (kt). (Entered: 01/06/2023) |
| 01/10/2023 | 136 | REPLY re 118 MOTION for Summary Judgment *(CORRECTED)* filed by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Mitchell, Jonathan) (Entered: 01/10/2023) |
| 01/13/2023 | 137 | Minute Entry for proceedings held before Judge Donovan W. Frank: Motion Hearing held on 1/13/2023 re 98 MOTION for Summary Judgment filed by City of Cloquet, Western Lake Superior Sanitary District, Duluth Building and Construction Trades Council, City of Duluth, City of Two Harbors, 118 MOTION for Summary Judgment filed by Luke Krhin, Roen Salvage Co., Nordic Group Inc., Kaski Inc., Christian Labor Association. Matter submitted. Written Order forthcoming. (Court Reporter Carla Bebault) (LJL) (Entered: 01/13/2023) |
| 01/26/2023 | 138 | SETTLEMENT CONFERENCE ORDER: Settlement Conference set for 3/21/2023 at 10:00 AM in Courtroom 3 (DUL) before Magistrate Judge Leo I. Brisbois. Signed by Magistrate Judge Leo I. Brisbois on 1/26/2023.(JLB) (Entered: 01/26/2023) |
| 02/24/2023 | 139 | Joint MOTION for Extension of Time *BY ALL PARTIES* filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District. (Mills, Monte) (Entered: 02/24/2023) |
| 02/24/2023 | 140 | Declaration of Jonathan Newman in Support of 139 Joint MOTION for Extension of Time *BY ALL PARTIES* filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Mills, Monte) (Entered: 02/24/2023) |
| 02/24/2023 | 141 | PROPOSED ORDER TO JUDGE re 139 Joint MOTION for Extension of Time *BY ALL PARTIES* filed by City of Cloquet, City of Duluth, City of Two Harbors, Duluth Building and Construction Trades Council, Western Lake Superior Sanitary District.(Mills, Monte) (Entered: 02/24/2023) |
| 02/28/2023 | 142 | ORDER – The Settlement Conference, currently scheduled for March 21, 2023, shall be continued sine die pending ruling on the cross–motions for summary judgment now under advisement. See Order for details. Signed by Magistrate Judge Leo I. Brisbois on 2/28/2023.(JLB) (Entered: 02/28/2023) |
| 05/10/2023 | 143 | NOTICE of Withdrawal as Attorney (Moffett, Natalie) (Entered: 05/10/2023) |
| 06/14/2023 | 144 | MEMORANDUM OPINION AND ORDER – Plaintiffs' Motion for Summary Judgment (Doc. No. 118 ) is DENIED. Defendants' Motion for Summary Judgment (Doc. No. 98 ) is GRANTED IN PART as follows: (1) Plaintiffs lack standing; and (2) summary judgment is granted in favor of Defendants on Plaintiffs' constitutional claim (Count II). (Written Opinion) Signed by Judge Donovan W. Frank on 6/14/2023. (las) (Entered: 06/14/2023) |
| 06/15/2023 | 145 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(ABR) (Entered: 06/15/2023) |

| | | |
|---|---|---|
| | | *Main Document* |
| | | Attachment # 1 *Civil Notice – appeal* |
| 06/15/2023 | <u>146</u> | NOTICE OF APPEAL TO 8TH CIRCUIT as to <u>145</u> Judgment by Christian Labor Association, Kaski Inc., Luke Krhin, Nordic Group Inc., Roen Salvage Co.. Filing fee $ 505, receipt number AMNDC–10352149. (Mitchell, Jonathan) (Entered: 06/15/2023) |
| 06/16/2023 | <u>147</u> | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit <u>146</u> . (ABR) (Entered: 06/16/2023) |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Christian Labor Association, Kaski, Inc.,   Civil No. 21-227 (DWF/LIB)
Nordic Group Inc., Roen Salvage Co.,
Luke Krhin, and Dylan Smith,

     Plaintiffs,

v.

             **MEMORANDUM**
          **OPINION AND ORDER**
City of Duluth, City of Cloquet, City of
Two Harbors, Western Lake Superior
Sanitary District, and Duluth Building and
Construction Trades Council,

     Defendants.

### INTRODUCTION

This matter is before the Court on cross-motions for summary judgment brought by Plaintiffs Christian Labor Association, Kaski, Inc., Nordic Group Inc., Roen Salvage Co., and Luke Krhin (Doc. No. 118) and by Defendants City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, and Duluth Building and Construction Trades Council (Doc. No. 98). For the reasons set forth below, the Court denies Plaintiffs' motion and grants Defendants' motion.

### BACKGROUND

This action involves a challenge to the Project Labor Agreements ("PLAs")[1] of four public entities: the cities of Duluth, Cloquet, and Two Harbors, and the Western

---

[1] PLAs are pre-hire collective bargaining agreements that establish uniform terms and conditions for a specific construction project. In the private sector, PLAs are

Lake Superior Sanitary District (the "Sanitary District") (collectively, the "Public

Entities").  Plaintiffs are Christian Labor Association ("CLA"), Kaski, Inc., Nordic Group

Inc., Roen Salvage Co., and Luke Krhin (collectively, "Plaintiffs").  The one remaining

claim is a constitutional claim, in which Plaintiffs assert that the PLAs violate the First

and Fourteenth Amendments of the United States Constitution.

The PLAs at issue were entered into by the Public Entities and the Duluth

Building and Construction Trades Council (the "Building Trades").  (*See* Doc. No. 121,

Exs. 1-4 (PLAs at the time this action was filed) & Exs. 5-8 (amended PLAs)).[2]  The

Building Trades is an unincorporated labor organization that advocates on behalf of

seventeen affiliated craft unions in Duluth, Minnesota and surrounding areas.  (Doc.

No. 105 ("Campeau Decl.") ¶ 2.)  The Building Trades enters into PLAs on its own

behalf and, additionally, as the representative of its affiliates.  (*Id*.)  Only contractors and

subcontractors who agree to the terms of the PLAs are eligible to work on certain public-

works projects governed by the PLAs.[3]

---

specifically authorized through Sections 8(e) and (f) of the National Labor Relations Act
("NLRA"), 29 U.S.C. §§ 158(e) & (f).  In 1993, the Supreme Court held that the NLRA
does not prohibit government-mandated PLAs so long as the government acts as a market
participant but did not address the legality of PLAs under state or federal competitive
bidding laws.  *Bldg. & Const. Trades Council of the Metro Dist. v. Assoc. Builders &
Contractors of Mass./R.I., Inc.* ("*Boston Harbor*"), 507 U.S. 218 (1993).

[2]     Plaintiffs' Exhibits are attached to Doc. No. 121.  The PLAs have also been
submitted by Defendants.  (Doc. No. 101 ("Fourth Peterson Decl.") ¶ 3, Ex. A; Doc.
No. 102 ("Bohren Decl.") ¶ 2, Ex. A; Doc. No. 103 ("Johnson Decl.") ¶ 3, Ex. A;
Doc. No. 116 ("Dhein Decl.") ¶ 3, Ex. A.)

[3]     Cloquet requires the use of a PLA on projects with a total City investment of
$175,000.00 or more.  Cloquet, Minn., City Code § 9.2.02.  Duluth and Two Harbors

At the time the lawsuit was filed, each PLA required contractors and subcontractors to:  (1) recognize a union that belongs to the Building Trades as the sole and exclusive bargaining representative of their employees working on PLA projects; and (2) hire their employees through the unions' job referral systems ("hiring halls").  Some of the PLAs contained a "union security clause" that required employees hired to work on PLA projects to "become" and "remain members" of a Building Trades affiliated union while working on the PLA project.  (*See generally* PLAs, Art. III.)  In addition, the PLAs required contractors and subcontractors to abide by the wage rates, rules of employment, and fringe benefit contributions negotiated by a council-affiliated union.  (*See* PLAs, Art. II, § 9.)

In March 2021, the cities of Duluth, Cloquet, and Two Harbors amended their PLAs to remove the union security clause.[4]  (Campeau Decl. ¶ 14.)  Each PLA now affirmatively states that no employee may be required to join or pay a union as a condition of working on a covered project.  (*Id*.)  The amended PLAs continue to require contractors and subcontractors to recognize a council-affiliated union as the "sole and exclusive bargaining representatives of all craft employees within their respective jurisdictions working on the Project" (Amended PLAs, Art. III, § 1), to hire employees

---

require the use of a PLA on projects of $150,000.00 or more.  Duluth, Minn. Legis. Code §§ 2-25, 2-29(b) (2022); Two Harbors, Minn., City Code § 2.77.  The Sanitary District enters into PLAs when it is "necessary or proper for the exercise of its powers or the accomplishment of its purpose."  *See* Minn. Stat. § 458D.18, subd. 3.

[4]     The Sanitary District's PLA did not contain a union-security provision.  (Doc. No. 31-1.)

through the council-affiliated unions' job-referral system (*id*., Art. IV), and to abide by the wage and contract rates, rules of employment, and fringe benefit contributions as set forth in the applicable Local Area Agreement (*id*., Art. II, § 9).

CLA is an independent labor union representing workers throughout the United States.  (Doc. No. 121-9 ("Tulenchik Decl.") ¶ 4; Doc. No. 117 ("Aubrey Decl.") ¶ 7, Ex. 5 ("Tulenchik Dep.") at 10-11.)  CLA's local union affiliates operate independently from the national CLA, and the national CLA has no members.  (Tulenchik Dep. at 14-23, 75-76.)  No member of a CLA-affiliated local union has worked or sought to work on a project covered by the Public Entities' PLAs.  (*Id*. at 36-38.)  No member of a CLA-affiliated local union has been required to pay dues to any union other than the CLA to work on a construction project.  (*Id*. at 39.)

Nordic Group is a general contractor engaged in marine, civil, and building construction in Minnesota and Wisconsin.  (Aubrey Decl. ¶ 4, Ex. 2 ("Jouppi Dep.") at 11-12, 14, 16, 25.)  Nordic Group has performed some work for Duluth, but it has not worked under the Duluth PLA.  (*Id*. at 48-51.)  Nordic Group has not done work for Cloquet, Two Harbors, or the Sanitary District.  (*Id*. at 51.)  When asked why Nordic Group chose not to bid on work covered by PLAs, it explained that it believed that the PLA required that labor performed on the project be performed by people affiliated with the unions.  (*Id*. at 55.)

Kaski, Inc. is a Duluth-based general contractor.  (Aubrey Decl. ¶ 3, Ex. 1 ("Kaski Dep.") at 15-16.)  Kaski, Inc. has not bid on a construction project covered by a PLA for any of the city Defendants.  (Kaski Dep. at 76-79.)  In or around 2018, Kaski, Inc. bid on

Appellate Case: 23-2450     Page: 25     Date Filed: 06/16/2023 Entry ID: 5287796  June 16 2023 25

and was awarded a job on a Cloquet Pump Station project for the Sanitary District that was covered by a PLA; however, Kaski, Inc. subcontracted the performance of specific work to subcontractors such that none of Kaski, Inc.'s employees worked on the project. (*Id*. at 89.)  Kaski, Inc. asserts that it has not bid on additional PLA-covered projects, explaining that it already pays into a fringe benefit fund for its employees and that it believes that if its employees worked under a PLA, they would be required to pay into a union's fringe benefit funds also.  (*Id*. at 85.)

Plaintiff Krhin is the only remaining employee-plaintiff.  (Doc. Nos. 19 & 76.)  He is a member of the CLA and has been employed by Nordic Group since 2015.  (Aubrey Decl. ¶ 5, Ex. 3 ("Krhin Dep.") at 8, 15; Doc. No. 121-13 ("Krhin Decl.") ¶ 3.)  Krhin worked as an equipment operator, cement mason, general laborer, and carpenter.  (Krhin Dep. at 9, 17-19.)  Krhin has never worked under one of the Public Entities' PLAs and has never been required to use a union referral system.  (*Id*. at 32-33.)  There is no evidence that Krhin paid any dues or fees to a union pursuant to any of the relevant PLAs.

Discovery has revealed that in or around 2018, Krhin was promoted to site superintendent.  (*Id*. at 21-22.)  In that position, Krhin testified that he manages crews, on-site production and building, and the other trades and subcontractors on site.  (*Id*.)  Krhin also testified that he contributes to the preparation of bids for projects (the labor portion), orders materials, and is authorized to purchase materials without additional approval.  (*Id*. at 23-24.)  With respect to his supervision of Nordic Group employees, Krhin testified that he assigns work based on experience and that he disciplines and

sometimes terminates employees.  (*Id*. at 27-29.)  With respect to hiring, Krhin testified

that he interviews applicants on his own or with a Nordic Group owner and that he

discusses and makes hiring recommendations to Nordic Group's owners.  (*Id*. at 24-31.)

Krhin further testified that the Nordic Group owners rely on his judgment when they

make final hiring decisions and that they typically accept his hiring recommendations.

(*Id*. at 31.)  Krhin stated: "I'm in charge of hiring and the process of who we have

working for us."  (*Id*. at 24.)  In his role as "site superintendent," Krhin spends 60% of his

time as superintendent and 40% "with tools on."  (*Id*. at 22.)  Krhin explained that when

he is working "with tools on," he operates more as a "foreman."  (*Id*.)[5]

Plaintiffs dispute that Krhin has the authority to hire, assign, fire, or discipline

employees, or to effectively recommend any such actions.  Instead, Plaintiffs argue that

Krhin occasionally participates in interviews and recommends personnel actions, but that

the action must be approved or independently investigated by his superiors.  (Doc.

No. 128-3 ("Second Jouppi Decl.") ¶¶ 5-6, 11; Doc. No. 128-5 ("Second Krhin

Decl.") ¶¶ 5, 6, 11.)[6]  Plaintiffs also submit that Krhin is listed as a "senior carpenter" in

the payroll system, is paid hourly, and is in the same bargaining unit as other "rank-and-

file" laborers.  (Second Jouppi Decl. ¶¶ 5-6.)

---

[5]     Throughout his deposition, Krhin also mentions the work of the foreman as being
distinct from his work.  (*See, e.g.*, Krhin Dep. at 26 (in discussing who assigns tasks,
noting it is "either myself or one of our site foremen"), 30 (noting that he discusses safety
issues with "the site foreman").)

[6]     Defendants argue that Krhin's Second Declaration should be disregarded as a
sham declaration.  The Court addresses that issue below.

Appellate Case: 23-2450     Page: 27     Date Filed: 06/16/2023 Entry ID: 5287708 June 16 2023 27

Plaintiffs filed this action on January 28, 2021, asserting a constitutional claim (that the PLA-imposed conditions violated their First and Fourteenth Amendment rights) and an antitrust claim (that the PLAs restrain competition in violation of the Sherman Act). (Doc. No. 1 ¶¶ 37-50.) Defendants moved to dismiss under Rule 12(b)(6) arguing that Plaintiffs lack standing and that their claims were moot, and alternatively that their claims failed to state a claim. The Court found the following: Plaintiffs plausibly alleged particular, concrete harm to both the employee-plaintiffs' and employer-plaintiffs' legally protected interests caused by Defendants' continued use of PLAs, that the prerequisites to associational standing were present, and that the CLA, therefore, has standing to sue. (Doc. No. 44 at 15-17.) In addition, the Court found that Plaintiffs' claims were not moot. Finally, the Court found that Plaintiffs had sufficiently pled their constitutional claim, but that the antitrust claim failed to state a claim and was properly dismissed.

In that Order, the Court's rulings were made in the context of a motion to dismiss (taking the allegations as true) and the Court noted that discovery could change those rulings or that certain arguments on the merits were more properly made on a motion for summary judgment. For example, the Court explained that while employee-plaintiffs sufficiently pled injury, they will ultimately have to set forth specific evidence to survive summary judgment and that, "[ultimately], discovery may reveal that one or both of the conditions did not cause Plaintiffs to suffer the requisite injury in fact to support Plaintiffs' standing." (Doc. No. 44 at 15-16, 26.)

Both parties agree that the jurisdictional questions are "teed up cleanly for this Court's resolution." (Doc. No. 127 at 1; Doc. No. 134 at 1.) Plaintiffs argue that they

have established Article III standing and that the constitutional questions are ready for the

Court's resolution and should be resolved in their favor on summary judgment.

Defendants submit that the Court need not—and should not—reach the constitutional

questions because all Plaintiffs lack standing and the Court, therefore, lacks jurisdiction

over the questions.  In the alternative, Defendants maintain that the facts demonstrate that

the remaining claims are meritless.

## DISCUSSION

## I.    Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The

Court must view the evidence and the inferences that may be reasonably drawn from the

evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank*

*of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  However, as the Supreme Court has stated,

"[s]ummary judgment procedure is properly regarded not as a disfavored procedural

shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed

'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank*, 92 F.3d

at 747.  The nonmoving party must demonstrate the existence of specific facts in the

record that create a genuine issue for trial.  *Krenik v. County of Le Sueur*, 47 F.3d 953,

957 (8th Cir. 1995).  A party opposing a properly supported motion for summary

judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.   Standing

Defendants move for summary judgment on the ground that Plaintiffs lack standing to assert claims that the Public Entities' PLAs violate their First and Fourteenth Amendment rights.  In particular Defendants argue that, under the PLAs, none of the Plaintiffs had to join, associate with, seek referrals from, or pay money to the unions, and thus have not suffered an injury-in-fact.  Defendants argue that now, after extensive discovery (none of which was taken by Plaintiffs), it is apparent that Plaintiffs do not have standing.

Standing is a threshold matter central to the Court's subject matter jurisdiction and rooted in the understanding of a "case or controversy." *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636 (8th Cir. 2021) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330. 338 (2016)).  Thus, if Plaintiffs lack standing under Article III, the Court does not have jurisdiction over the case, and the case must be dismissed.  At a minimum, each plaintiff must meet three requirements to establish standing under Article III.  First, each plaintiff must demonstrate an injury-in-fact; second, that injury must be traceable to the challenged conduct; and third, each plaintiff must demonstrate that it is likely that "the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citation omitted).  An injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or

hypothetical." *Id*. at 559-60.  In determining "concreteness," the Court assesses

"'whether the asserted harm has a 'close relationship' to a harm traditionally recognized

as providing a basis for a lawsuit in American courts—such as physical harm, monetary

harm, or various intangible harms' such as reputational harm." *Schumacher v. SC Data

Ctr., Inc.*, 33 F.4th 504, 509 (2022) (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190,

2200 (2021).)  "Article III standing requires a concrete injury even in the context of a

statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. at 341.

Further, a plaintiff seeking injunctive relief must show that he "faces a threat of

ongoing or future harm." *Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037 (8th

Cir. 2000).  "Past exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief . . . if unaccompanied by any continuing, present

adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).  Likewise, a

plaintiff's speculation that a future injury may occur is not sufficient to warrant injunctive

relief.  *Id.* at 497.  A plaintiff must show that the threat of injury is "real and immediate."

*Id.* at 494, 496.

A.     **Krhin**

Defendants argue that discovery reveals that Krhin lacks standing.  First,

Defendants submit that the evidence demonstrates that Krhin is a supervisor and his

employment is not covered by the PLAs and, therefore, he is not in danger of suffering a

direct injury.  Second, Defendants submit that even if his position was covered by the

PLAs, Krhin never worked on a project covered by the PLAs, never paid dues to the any

of the unions of the PLAs, and cannot show a concrete and particularized injury in fact

that is traceable to the PLAs.  Finally, Defendants point to evidence that Krhin has been steadily employed by Nordic Group since at least 2018, arguing that there is no evidence that he suffered any injury because the PLAs caused him to lose work opportunities.

Plaintiffs deny that Krhin is a supervisor and argue that he is therefore not excluded from the PLAs' coverage.  Plaintiffs further argue that the PLAs caused Krhin harm because, at the time that this action was commenced, Krhin was not able to work on Defendants' public works projects unless he joined and paid a council-affiliated union, sought employment through a council-affiliated union's job referral system, and accepted a council-affiliated union as his exclusive representative during his time working on such a project.  (Krhin Decl. ¶¶ 5-6.)  Plaintiffs argue that Krhin need not show that he actually worked under a PLA or paid dues to a council-affiliated union because the PLAs deterred him and his employer (Nordic Group) from seeking or obtaining work, which is enough to establish Article III standing.  Plaintiffs submit that Krhin has standing to seek both damages and prospective relief because Defendants enforced their PLAs both before and after Krhin filed this action.

The PLAs exclude "supervisor employees as defined by the National Labor Relations Act" from their provisions.  (*See* PLAs Art. II, § 9.)  29 U.S.C. § 152(11) defines "supervisor" as:

> Any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

11

In NLRB cases, the party asserting supervisory status bears the burden of establishing the requirements.  *See NLRB v. Ky. River Cmty. Care, Inc.*, 532 U.S. 706, 711 (2001); *NLRB v. Mo. Red Quarries, Inc.*, 853 F.3d 920, 924-25 (8th Cir. 2017).  Because the issue of whether Krhin is a supervisor goes to the threshold question of standing, Defendants submit that the burden remains with Plaintiffs.  The Court finds that the burden properly rests with Defendants, but notes that the Court's decision herein would be the same even if the burden rested with Plaintiffs.

The following three-part test is used to determine supervisory status:  (1) does Krhin have the authority to accomplish or effectively to recommend one or more of the twelve supervisory actions listed in 29 U.S.C. § 152(11); (2) is Krhin's exercise of such authority "not of a merely routine or clerical nature, but requires the use of independent judgment"; and (3) is Krhin's authority held "in the interest of the employer[?]" 29 U.S.C. § 152(11); *see also Ky. River Cmty. Care*, 532 U.S. at 712-13; *Mo. Red Quarries*, 853 F.3d at 924-25.  Determining supervisory status is a fact-intensive inquiry. *Mo. Red Quarries*, 853 F.3d at 925.

The parties dispute whether Krhin is properly categorized as a supervisor under § 152(11).  In support of their argument, Defendants point to Krhin's deposition testimony wherein Krhin stated that he works for Nordic Group as a superintendent and that he spends about 60% of his time working as superintendent and 40% "with tools on." (Krhin Dep. at 21, 22.)  In addition, Krhin testified that he is "in charge of the hiring and the process of who we have working for us," that he is the only person who normally interviews candidates, and that Nordic Group's owners take his advice for the most part

12

with respect to hiring.  (*Id*. at 24.)  Krhin stated that when acting in this capacity (as a supervisor), he makes decisions based on his own judgment and that Nordic Group relies on him to do so.  (*Id*. at 31.)

Krhin later submitted a second declaration, wherein he attests to the following: that his title is "senior carpenter," that he spends "95% of [his] time in the field performing tasks consistent with [his] role as a senior carpenter," is paid hourly, that he makes hiring recommendations but that management at Nordic Group does not simply accept his recommendations, and that he is in the same bargaining unit as other "rank-and-file" laborers.  (Doc. No. 128-5 ¶¶ 6, 7-12.)  Many of the facts asserted in the second declaration contradict the testimony in his deposition.  Defendants argue that Krhin's second declaration should therefore be disregarded as a sham.

Under the sham affidavit doctrine, a district court may strike an affidavit that conflicts with deposition testimony and raises only sham issues of material fact.  *See City of St. Joseph, Mo. v. Sw. Bell Tel.*, 439 F.3d 468, 475-76 (8th Cir. 2006) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own earlier testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.").  An affidavit is a sham if it contradicts prior testimony or is a "sudden and unexplained revision of testimony [that] creates an issue of fact where none existed before." *Id*. (internal quotation omitted).  If the affidavit merely explains portions of a prior deposition that may have been unclear, it is not a sham affidavit. *Id.* at 476.

The Court agrees with Defendants that Krhin's second declaration contradicts his prior testimony and constitutes an unexplained revision of his testimony.  Therefore, the Court will disregard Krhin's second declaration as it cannot be used to create an issue of fact where none existed based on his deposition testimony.  The Court considers the other evidence submitted by Plaintiffs, namely the testimony of Craig Jouppi.  Jouppi attests that Krhin has no authority to hire, fire, discipline employees, or to "effectively recommend" such action, without approval from his superiors.  (Second Jouppi Decl. ¶ 5.)  Instead, Jouppi maintains that Krhin's hiring recommendations are not accepted without independent investigation by Nordic Group's management.  (*Id*. ¶ 6.)  In addition, Jouppi submits that the evidence shows that Krhin does not assign employees to construction crews or projects, but instead that he assigns *work* to employees who have already been assigned to a particular project and that Krhin's responsibility was no different than that of a foreman.  (*Id*. ¶ 11.)  Moreover, Jouppi asserts that Krhin is listed as a "senior carpenter" for payroll and is paid hourly.  (*Id*. ¶ 7.)  Plaintiffs argue that even if Krhin holds the authority to engage in one or more supervisory act, Defendants have not established that Krhin's authority requires the use of independent judgment free from the control of others because all personnel-related decisions are subject to the ultimate control of Nordic Group's ownership and management

After careful consideration of the parties' respective arguments and the facts in the record, the Court concludes that Krhin's deposition testimony demonstrates that he is properly considered a supervisor.  In his role as "superintendent," the evidence shows that he has the authority to accomplish or effectively recommend one or more

14

supervisory actions.  For example, Krhin plays a key role in hiring by participating (often alone) in interviews and making recommendations, which are typically followed by Nordic Group.  The record also shows that Krhin uses his own judgment and that his authority is held in the interest of Nordic Group.  Plaintiffs attempt to contradict this evidence with the second declarations of both Krhin and Jouppi.  The Court already explained that it will disregard Krhin's second declaration.  The Court also notes that the content of Jouppi's second declaration is strikingly similar to that of Krhin's, and yet does not contradict key facts, such as that Krhin often interviews candidates alone and makes hiring recommendations based on his judgment.  While Jouppi contends that his recommendations are not accepted without independent investigation, he offers no specifics on any such independent investigation.  Based on the record, the Court finds that no reasonable juror could find that Krhin was not a supervisor.

Plaintiffs argue that even if Krhin is a supervisor, he would still have standing to challenge the PLAs because their enforcement prevents Nordic Group from seeking or obtaining covered projects, resulting in injury to Krhin.  The Court disagrees.  After discovery, it is apparent that Krhin is a supervisor and is not subject to the PLAs.  Thus, he is not in danger of a direct injury in this case.  Any alleged conjecture that Nordic Group will refrain from seeking a covered project and that Krhin will suffer an injury because of that decision is speculative.

### B.     Employer-Plaintiffs

The employer-plaintiffs (Kaski, Inc., Nordic Group, and Roen Salvage, Co.) claim that they suffered an injury traceable to Defendants' conduct because they refrained from

bidding on past projects subject to these PLAs.  (Doc. No. 121-10 ("Kaski Decl.")

¶¶ 9-10 & Ex. A; Doc. No. 121-11 ("Jouppi Decl.") ¶¶ 8-10 & Ex. A; Doc. No. 121-12

("Schanock Decl.") ¶ 7.)  Plaintiffs submit that this establishes a past "injury in fact" that

is fairly traceable to Defendants.  Plaintiffs further assert that the employer-plaintiffs

have standing to seek prospective relief against the future enforcement of the PLAs

because it has shown that they are "likely to apply" for work from the Defendants in the

reasonably foreseeable future.  (Kaski Decl. ¶ 7; Jouppi Decl. ¶ 7; Schanock Decl. ¶ 6.)

Plaintiffs acknowledge that they cannot satisfy the doctrinal test for third-party

standing.  (Doc. No. 127 at 24 n.21.)  Instead, the employer-plaintiffs explain that they

are suing to vindicate their own rights to be free of the PLAs when competing for

government contracts under the Declaratory Judgment Act.  However, the parties also

agree that Plaintiffs' constitutional claim belongs to the employees, not the employers.

(Doc. No. 127 at 24; Doc. No. 134 at 1.)  Because Plaintiffs' constitutional claim is the

only remaining claim, and that claim rests with the employees, employer-plaintiffs do not

have standing.  *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("The Art. III judicial

power exists only to redress or otherwise to protect against injury to the complaining

party, even though the court's judgment may benefit others collaterally.").

### C.    CLA

To establish associational standing, the CLA must demonstrate that:  (1) its

members would otherwise have standing to sue in their own right; (2) the interests it

seeks to protect are germane to the organization's purpose; and (3) neither the claim

asserted, nor the relief requested requires the participation of individual members in the

lawsuit. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). In the context of the motion to dismiss, the Court found that the CLA had sufficiently alleged the prerequisites to associational standing, including that the Complaint established that the employee-plaintiffs, one of whom is a member of the CLA, had standing to sue in their own right. (Doc. No. 44 at 17 (citing *Hunt*, 432 U.S. at 343).) Discovery has now been completed and the Court analyzes standing based on the facts in the record.

For a union plaintiff to establish the first prong of *Hunt*, they "must prove that at least one of their members has suffered a concrete and particularized injury that is fairly traceable" to defendants "and that the injury will be redressed" by a favorable decision. *United Food & Com. Workers Union, Local No. 663 v. USDA*, 532 F. Supp. 3d 741, 758 (D. Minn. 2021). The CLA must identify members who have suffered the requisite harm. *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

Plaintiffs argue that the CLA's local unions are members of the CLA and that every member of a local union is, therefore, a member of the CLA. (Doc. No. 128-1 ("Second Tulenchik Decl.") ¶ 5.)[7] Plaintiffs further argue that even accepting a

---

[7]     Defendants argue that the second declaration of Tulenchik suffers the same problem as Krhin's, in that it contradicts her deposition and constitutes a sham affidavit. At her deposition, Tulenchik testified that the CLA has no members, that the CLA is a national labor organization with seven affiliated local unions, and that the local unions operate independently from the national CLA. (Tulenchik Dep. at 10, 14-15, 76.) In her second declaration, Tulenchik contradicts the deposition testimony that CLA has no members. (*Compare* Second Tulenchik Decl. ¶ 5 *with* Tulenchik Dep. at 75-76.) In support, Plaintiffs assert that during her deposition, Tulenchik agreed that it had no members while referring to a Department of Labor form but argues that the form requires local affiliates to submit their own forms and to report members, and therefore the form

distinction between local and national union membership, the CLA has associational

standing because its local unions are members and those unions would, in turn, have

standing to sue in their own right based on injuries to local union members.  (Doc.

No. 127 at 16.)  Finally, Plaintiffs point to Tulenchik's testimony that Locals 8, 78,

and 84 have members who perform construction work in Duluth, Minnesota.  (Tulenchik

Dep. at 20.)  Plaintiffs submit that each of these members has standing because they were

prevented from working on projects subject to the PLAs.

Now having the benefit of a more complete evidentiary record, the Court can

make a determination regarding the CLA's standing in this action.  First, the CLA's

president testified that the CLA's local unions operate independently from the CLA and

that that CLA has zero members.  With no members, it cannot identify a member with

standing.  Plaintiffs, however, attempt to establish standing by arguing associational

standing based on its local affiliates, who in turn have standing based on injuries to their

members.  In support of this theory, Plaintiffs point to Krhin as a member of a local

affiliate of the CLA.  However, as explained above, Krhin lacks standing to assert a First

Amendment claim.  Therefore, the CLA cannot base its associational standing on Krhin.

Finally, Plaintiffs argue that each of the members of Locals 8, 78, and 84 in Duluth,

Minnesota have suffered from an injury in fact because they were prevented from

---

does not support the finding that the CLA has no members.  The Court finds that the
testimony in her deposition—that the CLA has no members—was clear, and that the
second declaration directly contradicts this testimony.  The explanation for the
contradiction does not simply clarify her previous testimony and the Court rightly
declines to consider the second declaration.  The Court notes, however, that consideration
of the second declaration would not change the result of the decisions herein.

working on projects subject to the PLAs.  However, these facts in the record do not support a finding of standing with respect to these members.  Tulenchik testified that no member of CLA local unions in Duluth, Two Harbors, or the Sanitary District area has ever been compelled either to pay dues to any labor organization other than their own local union or to engage in the process of obtaining work through one of the unions' referral procedures.  (*Id*. at 39, 57.)  Nor did she know of any CLA member who was denied a referral based on union membership.  (*Id*. at 73.)  While the Court previously explained that the existence of compulsory payments and mandatory participation in union hiring that impedes members from obtaining work satisfies standing at the motion to dismiss stage, on summary judgment, Plaintiffs must point to facts in the record that could establish individual standing that would support CLAs associational standing. They have not done so.  At this point, the Court would have to engage in speculation in order to find that any particular member meets the criteria for standing.  *See Summers*, 555 U.S. at 499 ("While it is certainly possible—perhaps even likely—that one individual will meet all of these criteria, that speculation does not suffice.").

Because the CLA has not identified an affiliated union member who suffered the requisite harm to have individual standing, it cannot establish the first *Hunt* prong and lacks associational standing.  *See, e.g.*, *United Food & Com. Workers Union, Local No. 663*, 532 F. Supp. at 741 (explaining that an organization must prove at least one of their members has standing in order to sue on its members' behalf (associational standing)); *see also, e.g.*, *Summers*, 555 U.S. at 499; *Earle Asphalt Co. v. County of Camden*, No. 21-11162, 2022 WL 2274472, at *8-9 (D. N. J. June 23, 2022) (explaining

19

that failure to establish that a member has standing precludes a finding of associational standing).

For the above reasons, the Court finds that Krhin, the employer-plaintiffs, and the CLA lack standing. Even so, the Court addresses the merits of Plaintiffs' constitutional claim below.

## III.   First Amendment

Plaintiffs allege that two provisions of the PLAs violate their First and Fourteenth Amendment rights by infringing their right "to decide whether to join or associate with a union" and their right not to "join or financially support a union as a condition of employment." (Compl. ¶¶ 37-38.) Specifically, Plaintiffs challenge two provisions of the PLAs: (1) the referral provisions, and (2) the union-security provisions (now removed).

Defendants argue that Plaintiffs' claim that the PLAs violate the Constitution fails on summary judgment because the referral provisions do not compel speech or implicate First Amendment association rights and, given that the PLAs do not cover public employees, the union security membership provisions are both moot[8] and without merit. The Court addresses each provision in turn.

### 1.   Referral Provision

The PLAs contain a referral provision that provides:

---

[8]   Considering the Court's rulings herein, the Court declines to revisit the issue of mootness.

20

> Applicants for the various classifications covered by this Agreement required by the Employer or Contractors on the Project shall be referred to the Contractors by the Unions.  The Unions represent that its local unions administer and control their referrals and it is agreed that these referrals will be made in a non-discriminatory manner and in full compliance with Federal and States laws.

(*See* PLAs at Art. IV.)  The PLAs further provide:

> [A]ny Contractor performing work on the Project which is not party to a Local Area Labor Agreement for a craft employed by the Contractor, agrees to install . . . referral procedures . . . as fully set forth in the applicable Local Area Agreement . . .

(*See* PLAs at Art. II, § 9.)  Plaintiffs argue that the mandatory language of the PLAs ("shall be referred to the Contractors by the Unions") requires participation in the Building Trades affiliated unions' job referral systems and implicates nonmembers' freedom not to associate with a union and amounts to compelled speech.  In the alternative, Plaintiffs argue that at a minimum, genuine issues of material fact remain as to whether and what extent the union-referral provisions compel workers to associate with an affiliated union.[9]  Defendants, however, contend that despite the apparent mandatory nature of the language, other language in the PLAs, undisputed testimony of the President of the Building Trades, and Plaintiffs' testimony demonstrate that Plaintiffs are incorrect.  In addition, Defendants submit that the referral provisions do not compel speech or implicate association rights.

---

[9]    Plaintiffs point to the testimony of Steven Kaski, who testified that the Duluth Building and Construction Trades Council would not refer non-union members through its hiring halls, notwithstanding the PLA's nondiscrimination clause.  (*See* Kaski Decl. ¶ 11; Kaski Dep. at 105-06.)

21

Defendants point to the testimony of the Duluth Building Trades President, Andrew Campeau, who explains that the PLAs' provisions require contractors to use the appropriate local union's referral procedures for each specific classification of employee but does *not* require contractors to hire workers referred by the unions.  (Campeau Decl. ¶¶ 6-12.)  Plaintiffs have not pointed to any evidence to dispute this explanation of the referral provision.  Indeed, the evidence demonstrates that neither the CLA nor any employer-plaintiffs have any particular knowledge about the unions' referral procedures to refute Campeau's explanation.  (*See, e.g.*, Tulenchik Dep. at 40, 73; Kaski Dep. at 125, 126-27; Jouppi Dep. at 78, 80, 84-85.)

The Supreme Court has explained that referral provisions in the building and construction industry "serve[] well both labor and management" because "the contractor who frequently is a stranger to the area where the work is done requires a 'central source' for [its] employment needs; and a [construction worker] looking for a job finds in the hiring hall 'at least a minimum guarantee of continued employment.'"  *Local 357, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. NLRB*, 365 U.S. 667, 672-73 (1961).  In addition, the Supreme Court has recognized that a public entity purchasing construction services is permitted to enter into a PLA just as a private entity is permitted to do so.  In *Boston Harbor*, the Supreme Court rejected a challenge to a PLA used on a publicly-funded project where the PLA included recognition of a local building and construction trades council and the primary use of union referral systems to supply the labor force.  507 U.S. at 221-11, 233.  Even so,

Plaintiffs argue that the PLAs here violate the First Amendment for compelling speech and/or association.

After careful consideration of the record, the Court concludes that Plaintiffs' constitutional claim fails with respect to the PLAs' referral provisions. First, the referral provisions here do not limit or require speech. *See Rumsfeld v. F. for Acad. & Institutional Rts., Inc. (FAIR)*, 547 U.S. 47, 60 (2006). The cases cited by Plaintiffs are distinguishable because they involve the required communication of an unwanted message. *Cf., e.g.*, *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos., Inc.*, 515 U.S. 557, 560-66, 572-73 (1995) (holding that a state's application of a public accommodations law that required citizens who organize a parade to include a parade contingent who expressed a message the organizers did not wish to convey violates the First Amendment; emphasizing the expressive nature of a parade and that "every participating unit affects the message conveyed by the private organizers"). The PLAs at issue here to do not require the communication of a message.

Second, the referral provisions do not implicate First Amendment association rights. The First Amendment protects the freedom of both intimate and expressive association. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). Plaintiffs assert that expressive association is implicated here because the PLAs require an unwanted "association" with the unions. However, this argument fails under the reasoning of the Supreme Court's decision in *FAIR* and cases interpreting that decision. In *FAIR*, several law schools banned military recruiters on campus in protest of the military's "don't ask don't tell" policy. 547 U.S. at 65-66. Congress then passed legislation conditioning

23

some federal funding on allowing recruiters on campus. *Id*. at 51. The law schools sued, arguing that the legislation limited their speech by prohibiting expressive conduct (i.e., banning military recruitment on campus). *Id*. at 54. The Supreme Court held that the legislation did not violate the First Amendment, explaining that the law schools' refusal to allow military recruitment on campus was not inherently expressive and nothing in the legislation restricted what the law schools may say about the military's policies. *Id*. at 65-66. If observers would not reasonably perceive the law schools' required association with the military as reflecting an endorsement of the group's views, then there is no forced association under the First Amendment. *Id*. at 65.

In 2021 and 2022, the Eighth Circuit Court of Appeals considered and rejected claims of infringement of expressive association rights under the First Amendment. In *Ark. Times LP v. Waldrip*, 37 F.4th 1386 (8th Cir. 2022), the Eighth Circuit considered whether an Arkansas statute that prohibits public entities from contracting with companies unless those companies certify that they will not boycott Israel unconstitutionally compels the speech of a newspaper that contracted with the state. The Eighth Circuit held that certification requirement does not require a public endorsement or the dissemination of a message; instead, the certification targets the contractors' unexpressive commercial choices and that the "speech" aspect (signing the certification) was incidental to the regulation of the conduct. *Id*. at 1394 ("We are unaware of any cases where a court has held that a certification requirement concerning unprotected, nondiscriminatory conduct is unconstitutionally compelled speech.").

Similarly, in *B.W.C. v. Williams*, 990 F.3d 614 (8th Cir. 2021), the Eighth Circuit rejected a First Amendment challenge to Missouri's form to claim a religious exemption from mandatory immunizations.  In that case, Plaintiffs held sincere religious objections to immunization and claimed that the form, which contained a message encouraging parents to immunize their children and explained personal and community risk of being unimmunized, compelled them to state the government's position as stated in the message.  *Id*. at 619-20.  The Eighth Circuit held that the form did not violate their First Amendment rights and explained that no one would confuse the beliefs of the signatory of the form with the government's message urging immunization.  *Id*.

The Court has carefully reviewed the evidence in the record and finds that no reasonable juror could conclude that the PLAs' referral provision compelled or compels expressive conduct that a reasonable person would perceive as supporting the unions.  In particular, the PLAs' referral provisions do not require the employer-plaintiffs, the CLA, or an employee to agree with any statement or to make an expression of belief.  There is no requirement that any employee be a union member, become a union member, or to pay to be referred.  In addition, nothing in the PLAs prevents any employee from stating disapproval of the unions or the PLAs, or more broadly expressing opposition to collective bargaining generally.  In sum, the record does not support a finding that a reasonable person would believe that a plaintiff required to use a referral system under the PLA would be endorsing a message of support for union membership.  Viewing the evidence in the light most favorable to Plaintiffs, no reasonable juror could conclude that

the PLAs' referral provisions amount to forced expression or expressive association in violation of the First Amendment.

### 2.   Union-Security Provision

Plaintiffs argue that the union-security provision cannot be sustained in the wake of *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018) as a matter of law.  In particular, Plaintiffs argue that the union-security provision compels employees of municipal contractors to join and pay a Council-affiliated union as a condition of working on a public-works project, and that this requirement cannot be sustained under the First Amendment as interpreted by the Supreme Court in *Janus*.  Defendants argue that even if Plaintiffs had standing to assert this claim, their challenge to the now-removed union-security provisions fails in its entirety because the PLAs only apply to employees of private employers and, to the extent the claim seeks prospective relief, it is now moot.

In *Janus*, the U.S. Supreme Court found that compelled payments to a union for collective bargaining services violated non-union members' First Amendment right to "refrain from speaking" by requiring them to "subsidize the speech of other private speakers." *Id*. at 2463-64.  *Janus*, however, involved public-sector unions.  Here, the PLAs incorporate privately-negotiated collective bargaining agreements to set the terms of employment for the employees of private sector contractors—the PLAs do *not* cover employees of the Public Entities.  That distinction matters.  *See Baisley v. Int'l Ass'n of Machinists and Aerospace Workers*, 983 F.3d 809, 811 (5th Cir. 2020) (noting that *Janus* itself states that it is unclear whether "the First Amendment applies *at all* to private-sector agency-shop arrangements" and noting that the individual interests would differ).

Collective bargaining agreements covering employees of private-sector employers cannot require employees to become members of the unions that represent them, *NLRB v. Gen. Motors Corp.*, 373 U.S. 734, 742 (1962), or require objecting nonmembers to pay full union dues, *see Commn'cs Workers of Am. v. Beck*, 487 U.S. 735, 745, 762-63 (1988).  However, the collective bargaining agreements can require objecting nonmembers to pay the costs for certain activities, such as collective bargaining, contract administration, and grievance adjustment.  *Beck*, 487 U.S. at 762-63.  Before *Janus*, the same rules applied to collective bargaining agreements covering public sector employees. In *Janus*, however, the Supreme Court invalidated precedent that permitted public-sector unions to require non-members to pay agency fees, finding that union speech concerning employees of the state is "overwhelmingly of substantial public concern" and noting that the "individual interests at stake" differ with respect to public versus private employees. *See Janus*, 138 S. Ct. at 2477-80 ("[I]n the public sector, core issues such as wages, pensions, and benefits are important political issues, but that is generally not so in the private sector.") (citation omitted).  Noting that distinction, the Supreme Court held that an Illinois law requiring State employees to subsidize a union, even if they chose not to join, violated the First Amendment by compelling the public employees to "subsidize private speech on matters of substantial public concern."  *Id*. at 2459-60.

Here, in contrast to the facts in *Janus*, the PLAs do not govern public-sector employees as they do not govern the employment of any employee of the Public Entities. (Campeau Decl. ¶ 5.)  Instead, the PLAs apply only to private employees and private-sector collective bargaining.  (*Id*.)  Even the unamended PLAs did not compel public

27

sector employees to subsidize private speech on matters of substantial public concern.[10]

Because of this significant difference between the facts here and those presented in

*Janus*, *Janus* does not apply.[11]  Here, the employees working under the PLAs are

employees of private-sector employers, the PLAs require only private-sector employees

to recognize the unions as the bargaining representative, and the terms of the employment

under the PLAs are established through private-sector collective bargaining.  The Court

concludes that the PLAs' union security clauses are lawful.

Plaintiffs urge the Court to apply *Janus* to the facts of this case.  (Doc. No. 120

at 12 (Because under *Janus*, "[a] municipality cannot compel its own employees to join

or pay a union as a condition of employment, . . . [i]t follows that a municipality cannot

require the employees of its contractors to join or pay a union either.").)  The Court,

however, agrees with the reasoning of decisions declining to extend *Janus* to cover the

---

[10]     Plaintiffs argue that the union security clauses in the pre-amended PLAs both
compelled the payment of dues to the unions *and* compelled membership in one of the
unions.  The Court disagrees.  The Supreme Court held that a union security clause that
refers to a "membership requirement" post-*General Motors*, incorporates the
"refinements" of such language in case law and, thus, such language refers only to the
requirement that employees be required to pay dues.  *See Marquez v. Screen Actors
Guild*, 525 U.S. 33, 36, 38, 44 (1998).  *See also Beck*, 487 U.S. at 745 (explaining that the
"membership" that may be so required has been "whittled down to its financial core," and
that the inquiry is whether that "financial core" "includes the obligation to support union
activities beyond those germane to collective bargaining, contract administration, and
grievance adjustment").

[11]     This distinction has been noted by other federal courts.  *See, e.g.*, *Rizzo-Rupon v.
Machinists Local 914*, 822 Fed. App'x 49, 50 (3d Cir. 2020) (noting that the Supreme
Court in *Janus* "took pains" to distinguish between private-sector union shops and public-
sector unions).

private sector.  *See, e.g.*, *Baisley*, 983 F.3d at 811 (declining to extent *Janus*); *Rizzo-Rupon*, 822 Fed. App'x at 50 (same).

Because the Court declines to extend the reach of *Janus* to apply to independent, private construction contractors retained by the Public Utilities, summary judgment is properly granted in Defendants' favor on Plaintiffs' constitutional claim with respect to the PLAs' union-security provision.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (Doc. No. [118]) is **DENIED**.

2. Defendants' Motion for Summary Judgment (Doc. No. [98]) is **GRANTED IN PART** as follows:  (1) Plaintiffs lack standing; and (2) summary judgment is granted in favor of Defendants on Plaintiffs' constitutional claim (Count II).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 14, 2023                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge

Appellate Case: 23-2450    Page: 50    Date Filed: 06/16/2023 Entry ID: 5287708 June 16 2023 50

# UNITED STATES DISTRICT COURT

## District of Minnesota

| | |
|---|---|
| Christian Labor Association, Kaski Inc., Nordic Group Inc., Roen Salvage Co., Luke Krhin, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | |
| v. | Case Number: 21cv227 (DWF/LIB) |
| City of Duluth, City of Cloquet, City of Two Harbors, Western Lake Superior Sanitary District, Duluth Building and Construction Trades Council, | |
| Defendants. | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1.  Plaintiffs' Motion for Summary Judgment (Doc. No. [118]) is **DENIED**.

2.  Defendants' Motion for Summary Judgment (Doc. No. [98]) is **GRANTED IN PART** as follows: (1) Plaintiffs lack standing; and (2) summary judgment is granted in favor of Defendants on Plaintiffs' constitutional claim (Count II).

Date: 6/15/2023                                          KATE M. FOGARTY, CLERK



# UNITED STATES DISTRICT COURT
## District of Minnesota

| | | | |
|---|---|---|---|
| Warren E. Burger Federal Building and U.S. Courthouse 316 North Robert Street, Suite 100 St. Paul, MN  55101 (651) 848-1100 | U.S. Courthouse 300 South Fourth Street Suite 202 Minneapolis, MN 55415 (612) 664-5000 | Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse 515 West First Street, Suite 417 Duluth, MN 55802 (218) 529-3500 | Edward J. Devitt U.S. Courthouse and Federal Building 118 South Mill Street, Suite 212 Fergus Falls, MN  56537 (218) 739-5758 |

# CIVIL NOTICE

**The appeal filing fee is $505.00.  If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

> ***This is a summary only.  For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal.  This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires.  If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it.  The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| **Christian Labor Association**; **Kaski Inc.**; **Nordic Group Inc.**; **Roen Salvage Co.**; **Luke Krhin**,<br><br>Plaintiffs,<br><br>v.<br><br>**City of Duluth**; **City of Cloquet**; **City of Two Harbors**; **Western Lake Superior Sanitary District**; **Duluth Building and Construction Trades Council**,<br><br>Defendants. | Case No. 0:21-cv-00227-DWF-LIB |

## NOTICE OF APPEAL

Plaintiffs Christian Labor Association, Kaski Inc., Nordic Group Inc., Roen Salvage Co., and Luke Krhin appeal to the United States Court of Appeals for the Eighth Circuit from the final judgment entered on June 15, 2023 (ECF No. 145).

Respectfully submitted.

<div style="display:flex">

Walter S. Zimolong*
Pennsylvania Bar No. 89151
Zimolong LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842 (phone)
wally@zimolonglaw.com

Thomas R. Revnew
Minnesota Bar No. 0295620
Peters, Revnew, Kappenman
& Anderson, P.A.
7300 Metro Boulevard, Suite 500

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell*
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

</div>

Appellate Case: 23-2450   Page: 53   Date Filed: 06/16/2023 Entry ID: 5287708   June 16 2023 53

Minneapolis, Minnesota 55439
(952) 921-4622 (phone)
(952) 896-1704 (fax)
trevnew@prkalaw.com

* admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 15, 2023, I served this document through CM/ECF upon:

Elizabeth A. Sellers
Assistant City Attorney
411 West First Street, Room 440
Duluth, Minnesota 55802
(218) 730-5281
esellers@duluthmn.gov

*Counsel for Defendant City of Duluth*

Monte A. Mills
Greene Espel PLLP
222 South Ninth Street, Suite 2200
Minneapolis, Minnesota 55402
612-373-0830
mmills@greeneespel.com

*Counsel for Defendants City of Cloquet,
City of Two Harbors, and the Western
Lake Superior Sanitary District*

Victoria L. Bor
Jonathan D. Newman
Sherman Dunn, P.C.
900 Seventh Street NW, Suite 1000
Washington, DC 20001
(202) 785-9300
bor@shermandunn.com
newman@shermandunn.com

*Counsel for Defendant Duluth Building
and Construction Trades Council*

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiffs*

Appellate Case: 23-2450   Page: 55   Date Filed: 06/16/2023 Entry ID: 5287708 June 16 2023 55



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

| **Warren E. Burger Federal Building and U.S. Courthouse** 316 North Robert Street Room 100 St. Paul, MN 55101 | **Diana E. Murphy U.S. Courthouse** 300 South Fourth Street Room 202 Minneapolis, MN 55415 | **Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse** 515 West First Street Duluth, MN 55802 | **Edward J. Devitt U.S. Courthouse and Federal Building** 118 South Mill Street Fergus Falls, MN 56537 |
|---|---|---|---|

## TRANSMITTAL OF APPEAL

Date:   6/16/2023

To:      U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  abr, U.S. District Court-Minnesota

In Re:   District Court Case No. 21-cv-227 (DWF/LIB)
Eighth Circuit Case No.:  not yet assigned
Case Title:  Christian Labor Association et al v. City of Duluth et al

The statutory filing fee has:
☒been paid, receipt number: AMNDC-10352149

Length of Trial:  N/A

Was a court reporter utilized?   ☒Yes   ☐No
If yes, please identify the court reporter:
Lynn Krenz - 651-848-1226
Carla Bebault – 651-848-1220